## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.** 25-cv-1769 |
| **VIRTUAL CURRENCY ASSOCIATED** ) | |
| **WITH NORTH KOREAN IT WORKER** ) | |
| **MONEY LAUNDERING AND** ) | |
| **SANCTIONS EVASION CONSPIRACIES,** ) | |
| ) | |
| **Defendant *In Rem*.** ) | |

## MOTION FOR WARRANT FOR ARREST *IN REM*

The United States of America, by and through its Assistant United States Attorney and Trial Attorneys, respectfully requests that this Court issue a Warrant of Arrest *in rem,* pursuant to Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for the following:

a) Virtual currency in the form of USDT that was voluntarily frozen by Tether on or about September 1, 2022, in unhosted virtual currency addresses 0x815F335f976301f496167bfeF237f0622F92ac38 and 0x81c4d8816b29147c542dDE87485608204690Acf2, which are some of the "IT Worker Consolidation Addresses," as defined in the accompanying Verified Complaint.

b) USDT that was voluntarily frozen by Tether on or about March 6, 2023, in unhosted virtual currency address 0x4F47Bc496083C727c5fbe3CE9CDf2B0f6496270c, which

1

is "SIM's Wallet," as defined in the accompanying Verified Complaint.

c) USDT that was voluntarily frozen by Tether on or about March 6, 2023, in unhosted virtual currency addresses 0x5707aA6944E357cEa1A25Ff991fB3A2E60268AB5 and 0xB389B4B4a8a6E267CA0712321cdca5c856ef8A72, which are some of the "IT Worker Consolidation Addresses," as defined in the accompanying Verified Complaint.

d) USDT that was voluntarily frozen by Tether on or about April 1, 2023, in unhosted virtual currency addresses 0x15824de78A61a8B493CCd8A48e58463536B17028, 0x6E2F0deAB1C358547b353342524489e32640D530, 0x3E24F610639e105173003EF1c47dC4DbAa33f8D7,                    and 0x1c097e02bCd6cD69946663ace4bc0B115e256bAc, which are some of the "IT Worker Consolidation Addresses," as defined in the accompanying Verified Complaint.

The above property is collectively referred to herein as the "Frozen Defendant Property." In support of its motion for a Warrant of Arrest *in rem*, the United States submits the following:

## PROCEDURAL HISTORY

1.     The United States filed a Verified Complaint for Forfeiture *in rem*, which establishes the legal and factual basis supporting the forfeiture. *See* Doc. No. 1.  As required by Rule G(2)(f), the facts set forth in the Verified Complaint support a reasonable belief that the government will be able to meet its burden of proof at trial.

2.     The Frozen Defendant Property is not presently in the possession, custody, or control of the United States and is not presently subject to any judicial restraining order.

3.     The United States filed a proposed Warrant of Arrest *in rem* along with this motion.

**LEGAL ANALYSIS**

4.     Pursuant to Supplemental Rule G(3)(b)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., if property is subject to forfeiture in a civil forfeiture case, and the property is not in the Government's possession, custody, or control and is not subject to a judicial restraining order, the Court, upon a finding of probable cause, must issue a warrant to arrest the property. In this instance, the Frozen Defendant Property is not in the United States' possession, custody, or control and is not subject to a judicial restraining order. Accordingly, the Court, upon a finding of probable cause, must issue a warrant to arrest this Frozen Defendant Property.

5.     The Verified Complaint establishes probable cause to believe that the Frozen Defendant Property constitutes or is derived from proceeds of wire fraud in violation of 18 U.S.C. § 1343 and of violations of the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. § 1701, *et. seq.*; that the Frozen Defendant Property is involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(2)(A), 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i), and 18 U.S.C. § 1956(h); and that the Frozen Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

**CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court find that there is probable cause to believe that the Frozen Defendant Property is subject to forfeiture and issue the proposed Warrant of Arrest *in rem*, directing the United States to seize the Frozen Defendant Property.

June 5, 2025
Washington, D.C.

JEANINE FERRIS PIRRO
Interim United States Attorney

*/s/ Rick Blaylock, Jr.*
Rick Blaylock, Jr.
Assistant United States Attorney
Asset Forfeiture Coordinator
Texas Bar Number 24103294
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Telephone: 202-252-6765
Email: rick.blaylock.jr@usdoj.gov

Jessica C. Peck
New York Bar No. 5188248
Trial Attorney
U.S. Department of Justice, Criminal Division
Computer Crime and Intellectual Property Section
1301 New York Avenue, N.W., Suite 600
Washington, D.C. 20005
(202) 514-1026 (main line)
jessica.peck@usdoj.gov

Gregory Jon Nicosia, Jr.
D.C. Bar No. 1033923
Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice
D.C. Bar No. 1033923
950 Pennsylvania Avenue NW
Washington, D.C.   20530
Telephone: 202-353-4273
Email: Gregory.Nicosia@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of June 2025, I caused a copy of the foregoing to be served through the Court's ECF system.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No.** 25-cv-1769 |
| **VIRTUAL CURRENCY ASSOCIATED** ) | |
| **WITH NORTH KOREAN IT WORKER** ) | |
| **MONEY LAUNDERING AND** ) | |
| **SANCTIONS EVASION CONSPIRACIES,** ) | |
| ) | |
| **Defendant _In Rem_.** ) | |

## PROPOSED WARRANT FOR ARREST _IN REM_

TO: THE UNITED STATES MARSHALS SERVICE, THE FEDERAL BUREAU OF INVESTIGATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS a Verified Complaint for Forfeiture _In Rem_ has been filed in the United States District Court for the District of Columbia, on the 5th day of June, 2025, alleging that the above Frozen Defendant Property are subject to seizure, pursuant to Rule G(3)(b)(ii), and forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to a violation of 18 U.S.C. § 1343 and 50 U.S.C. § 1705(a)—a "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7)(D) and pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a violation of 18 U.S.C. § 1956(a)(2)(A), 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i), and 18 U.S.C. § 1956(h).

The Court, being satisfied that, based on the Verified Complaint for Forfeiture _In Rem_,

6

there is probable cause to believe that the Frozen Defendant Property is property constituting or derived from proceeds traceable to violations of 18 U.S.C. § 1343 and 50 U.S.C. § 1705(a), and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Furthermore, the Frozen Defendant Property is involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(2)(A), 18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(i), and 18 U.S.C. § 1956(h) and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

YOU ARE, THEREFORE, HEREBY COMMANDED to serve the Frozen Defendant Property, thus bringing, within the jurisdiction of the Court, said Frozen Defendant Property and use discretion and whatever means appropriate to protect and maintain said Frozen Defendant Property;

IT IS FURTHER ORDERED that the United States shall maintain custody of the Frozen Defendant Property until further order of this Court respecting the same and shall use its discretion and whatever means appropriate to protect and maintain said Frozen Defendant Property; and

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the Frozen Defendant Property a copy of this Warrant of Arrest and Notice *in Rem*, along with the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of notice in an action i*n rem* under Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims and Title 18, United States Code, Section 983(a).

This warrant provides notice that in order to avoid forfeiture of the Frozen Defendant Property, any person claiming an interest in or right against the Frozen Defendant Property must file a claim in the court where the action is pending pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims. The claim must identify the specific

property claimed; identify the claimant and state the claimant's interest in the property; be signed by the claimant under penalty of perjury; and be served on the government attorney handling the case. A claimant must file a claim no later than 35 days after the date the notice is sent or, as applicable, no later than 60 days after the first day of publication on an official internet government forfeiture site. In addition, any person having filed such a claim shall also file an answer or motion under Rule 12 within 21 days after the claim.

All claims, answers, or motions for the Frozen Defendant Property must be filed with the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Avenue, N.W. Washington, DC 20001, Room 1225. Copies of the claim and answer or motion are to be sent to Rick Blaylock, Jr., Assistant United States Attorney, Asset Forfeiture Coordinator, 601 D St NW, Washington, DC 20004.

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

ISSUED at Washington, District of Columbia, this 5th day of June, 2025.

APPROVED AND SO ORDERED:


_____
HONORABLE _____
UNITED STATES DISTRICT JUDGE